UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

VIVIAN M. ACEVEDO,

Plaintiff,

v.

JON B. SAGE, P. A. d/b/a SAGE LAW OFFICES,

Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.Venue in this District is proper because Plaintiff resides here and Defendant mailed a letter into this District.

## PARTIES

3.     Plaintiff, VIVIAN M. ACEVEDO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, JON B. SAGE, P. A. d/b/a SAGE LAW OFFICES, ("Sage") is a corporation formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 140, 1300 Sawgrass Corporate Parkway, Fort Lauderdale, Florida 33323.

5.      Defendant is registered with the Florida Department of State Division of Corporations as a domestic corporation. Its registered agent for service of process is Richard D. Sage, Suite 140, 1300 Sawgrass Corporate Parkway, Fort Lauderdale, Florida 33323.

6.      Sage Law Officer is a fictitious name registered with the Florida Department of State showing its owner as Jon B. Sage, P. A.

7.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant regularly collects or attempts to collect debts for other parties.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt for Plaintiff's own medical care.

10.      On or about June 13, 2017 Defendant mailed a letter to Plaintiff regarding the alleged debt, attached as Exhibit "A".

11.      The letter states:

It is important for you to contact us or we will have to assume you are not willing to cooperate with us in amicably resolving this matter and we will have no alternative but to (take the appropriate action) proceed with our collection efforts in order to enforce and protect our client's rights without any further notice to you.

*Collection Letter*, Exhibit "A"

12.      The threat to "proceed with our collection efforts in order to enforce and protect our client's rights" made by an attorney on law firm letterhead and signed by an attorney implies legal action.

2

13.     In the year since the letter was issued, Defendant has not filed suit against Plaintiff.

14.     The representations of debt collectors are evaluated by the "least sophisticated consumer" standard.  *Jeter v. Credit Bureau*, 760 F.2d 1168 (Eleventh Circuit, 1985).

15.     The least sophisticated consumer would believe Defendant intends to file suit if the debt is not paid.

16.     Defendant, however, does not regularly file suits when the amount of the alleged debt is $357.15.

17.     Defendant threatened legal action when it did not intend to take such action.

18.     Because the letter is on law firm letterhead and is signed by an attorney, it implies an attorney has reviewed and evaluated the claim exercising independent legal judgment.

19.     The dollar amount involved, $357.15 combined with the subsequent lack of filing a suit to enforce the rights of Defendant's client, suggests an attorney has not reviewed and evaluated the claim exercising independent legal judgment.

20.     The letter is a form letter that Defendant mails out to thousands of Florida residents without meaningful involvement of an attorney.

21.     The letter is not from an attorney.

22.     The letter was prepared by an automated process managed by non-attorneys.

3

## COUNT I
## FALSE THREAT OF ACTION NOT INTENDED TO BE TAKEN

23.     Plaintiff incorporates paragraphs 1 through 22.

24.     Defendant's letter falsely threatens action not intended to be taken in violation of 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSE THREAT OF LITIGATION

25.     Plaintiff incorporates paragraphs 1 through 22.

26.     The letter falsely threatens litigation in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT III
## FALSE IMPLICATION OF ATTORNEY INVOLVEMENT

27.     Plaintiff incorporates paragraphs 1 through 22.

28.     The letter falsely implies meaningful attorney involvement in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT IV
## FALSE IMPLICATION THAT THE LETTER IS FROM AN ATTORNEY

29.     Plaintiff incorporates paragraphs 1 through 22.

30.     The letter falsely implies that it is from an attorney in violation of 15 U.S.C. §1692e(3).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235

don@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658